**Sihar Junjungan SIAHAAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72179.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Curtis F. Pierce, Esq., Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jeffery R. Leist, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Sihar Junjungan Siahaan, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The record does not compel the conclusion that Siahaan has demonstrated changed circumstances that excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 208.4(a)(4); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to Siahaan's asylum claim.

Substantial evidence supports the BIA's denial of withholding of removal because the harassment and physical harm Siahaan suffered in Indonesia did not rise to the level of past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Furthermore, the record does not compel the conclusion that Siahaan established a clear probability of future persecution. *See id.* at 1184–85. Lastly, substantial evidence also supports the BIA's denial of withholding of removal because Siahaan did not show it would be unreasonable to relocate to another part of the country. *See* 8 C.F.R. § 208.16(b)(3).

Substantial evidence supports the BIA's denial of CAT relief because Siahaan failed to show it is more likely than not that he will be tortured if returned to Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**